**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000742
05-SEP-2017
08:27 AM**

NO. CAAP-15-0000742

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


WELLS FARGO BANK, N.A.,
Plaintiff-Appellee,
v.
THEODORICO ERUM, JR.,
Defendant-Appellant
and
COUNTY OF KAUAʻI; STATE OF HAWAII - DEPARTMENT OF TAXATION,
CHILD SUPPORT ENFORCEMENT AGENCY - KAUAʻI BRANCH; KOLOA
MARKETPLACE, LLC; KAUAI CREDIT ADJUSTERS LIMITED,
Defendants-Appellees,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50;
and DOE GOVERNMENTAL UNITS 1-50,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 13-1-0288)


SUMMARY DISPOSITION ORDER
(By: Reifurth, Presiding Judge, Chan and Nakasone, JJ.)

Defendant-Appellant Theodorico Erum, Jr. (Erum or
Borrower) appeals from the Judgment entered on September 15,
2015, pursuant to the "Findings of Fact; Conclusions of Law;
Order Granting Plaintiff's Motion for Summary Judgment Against
All Parties and for Interlocutory Decree of Foreclosure Filed
March 25, 2014" (Order Granting MSJ), in favor of Plaintiff-
Appellee Wells Fargo Bank, N.A. (Wells Fargo or Lender) in the

Circuit Court of the Fifth Circuit (circuit court).[1]

On appeal, Erum contends that the circuit court erred in entering its Judgment pursuant to its Order Granting MSJ because: (1) genuine issues of material fact existed with regard to whether the filing of the foreclosure case while Wells Fargo was considering Erum's application for a loan modification, which would render unnecessary such foreclosure, was an unlawful practice in violation of Chapter 480 of the Hawaii Revised Statutes (HRS); (2) genuine issues of material fact existed with regard to whether prior to its acceleration of the debt payment, Wells Fargo had failed to provide a notice of default to Erum in accordance with Section 22 of the mortgage; and (3) the finding of fact concerning a note executed by another person, Carole Constance Lecompte, constitutes substantial error.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we vacate and remand the case for further proceedings.

In his second point of error,[2] Erum appears to argue that the circuit court erred in granting Wells Fargo's motion for summary judgment because the written notice given to Erum by Wells Fargo concerning Erum's default and Wells Fargo's intention to accelerate (Notice of Default) failed to comply with the requirements set forth in Section 22 of Erum's mortgage, and also because there was a genuine issue of material fact as to whether the Notice of Default complied with Section 22 of Erum's mortgage.

Section 22 of Erum's mortgage requires that the notice of default provided to Borrower "further inform Borrower of . . . the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and

---

[1] The Honorable Randal G. Valenciano presided.

[2] We first address Erum's second point of error, as our conclusion regarding point (2) renders any decision on points (1) and (3) unnecessary.

sale." The Notice of Default provided to Erum stated, in relevant part, "[i]f foreclosure is initiated, you have the right to argue that you did keep your promises and agreements under the Mortgage Note and Mortgage, and to present any other defenses that you may have."

During the circuit court proceedings, Erum had argued that the Notice of Default was "defective" because it did not contain the "information" that Erum had "the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale," as required by Section 22 of Erum's mortgage. We agree with this contention.

It is well understood that a mortgage is a contract between the borrower and the lender. See, e.g., Hungate v. Law Office of David B. Rosen, 139 Hawaiʻi 394, 404, 391 P.3d 1, 11 (2017); Santiago v. Tanaka, 137 Hawaiʻi 137, 155, 366 P.3d 612, 630 (2016); Beneficial Hawaii, Inc. v. Kida, 96 Hawaiʻi 289, 312, 30 P.3d 895, 918 (2001) ("[M]ortgages are contracts.").

Wells Fargo, who both drafted the mortgage and seeks its enforcement, must comply with the clear and unambiguous language of the mortgage, which indisputably requires that the Notice of Default inform the Borrower of his "right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." Here, the Notice of Default did not contain such language or language of equivalent meaning. See Santiago v. Tanaka, 137 Hawaiʻi 137, 155, 366 P.3d 612, 630 (2016) ("Contract terms should be interpreted according to their plain, ordinary, and accepted sense in common speech."). The right to make certain arguments and raise defenses if foreclosure is initiated is different from the right to bring a court action to prevent acceleration or foreclosure before those processes even occur.

Under Hawaiʻi law, a mortgagee must strictly comply with the terms of its mortgage, which Wells Fargo did not do. In Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017), the Hawaiʻi Supreme Court stated that "[i]n order to

3

prove entitlement to foreclose, the foreclosing party must demonstrate that all conditions precedent to foreclosure under the note and mortgage are satisfied and that all steps required by statute have been strictly complied with." Id. at 367, 390 P.3d at 1254 (emphasis added) (citing 55 Am. Jr. 2d Mortgages § 575 (Nov. 2016 Update)). The supreme court further explained that proving entitlement to foreclose "typically requires the plaintiff to prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving the cancellation notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Although the supreme court held that "strict compliance" applies to all steps required by statute, it appears to extend strict compliance to the terms of a mortgage. See Hungate, 139 Hawai'i at 404, 391 P.3d at 11 (concluding that "if the mortgage's power of sale clause requires more than what is required under HRS § 667 Part I, the mortgagee must follow the requirements of the power of sale clause.").

With regard to the specific provision in Section 22 of the mortgage upon which Erum relies, Wells Fargo is required to inform Erum of two things to satisfy its condition precedent to bring a foreclosure action: 1) the right to reinstate after acceleration, and 2) the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. Wells Fargo satisfied its condition precedent of informing Erum that he had the right to reinstate after acceleration. However, Wells Fargo failed to inform Erum that had the "right to bring a court action," and instead in its Notice of Default, told Erum that he had "the right to argue" that he kept his promises and agreements under the note and mortgage. Thus, Wells Fargo failed to meet its burden of proof that all conditions precedent to foreclosure were satisfied. Reyes-Toledo, 139 Hawai'i at 367, 390 P.3d at 1254.

Other jurisdictions have concluded that the notice of default must only substantially comply with the requirements

4

under a mortgage. See <u>Suntrust Mortg., Inc. v. Garcia</u>, No. 3D15-1372, 2016 WL 538618 (Fla. Dist. Ct. App. Feb. 10, 2016) (agreeing that the notice provided substantially complies with paragraph 22 of the mortgage, and notices are reviewed under contract principles, which under Florida law requires only substantial compliance with contract provisions); <u>U.S. Bank Nat'l Ass'n as Tr. c/o GMAC Mortg. v. Weber</u>, No. 12AP-107, 2012 WL 6669213, at *2-3 (Ohio Ct. App. Dec. 20, 2012); <u>Hudson City Sav. Bank v. Matchett</u>, No. LLICV126006274S, 2013 WL 6989431, at *3-4 (Conn. Super. Ct. Dec. 17, 2013) (concluding that substantial performance is sufficient where defendants cannot point to any prejudice). Nevertheless, given the decisions in <u>Reyes-Toledo</u> and <u>Hungate</u>, the rule in Hawaiʻi is otherwise with regard to foreclosure proceedings.[3] Therefore, the circuit court erred in granting Wells Fargo's motion for summary judgment.

Because we have determined that the circuit court erred in granting summary judgment in favor of Wells Fargo, we need not address Erum's remaining points of error.

Based on the foregoing, we vacate the circuit court's Judgment entered on September 15, 2015 and remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, September 5, 2017.

On the briefs:

Theodorico Erum, Jr.,
Pro-Se, Defendant-Appellant.

Karyn A. Doi,
Lansen H.G. Leu,
(Leu Okuda & Doi),
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3]     We note the opinion of the United States District Court for the District of Hawaiʻi that the Hawaiʻi Supreme Court would likely not strictly enforce notice provisions absent evidence that the party claiming no evidence was materially prejudiced. <u>American Electric Co. v. Parsons RCI, Inc.</u>, Civ. Nos. 13-471 BMK, 14-20 BMK, 2014 WL 12573012, at *5 (D. Hawaiʻi June 4, 2014).

5